934 F.2d 318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Helen M. BELCHER, Plaintiff-Appellant,
v.
CITY OF POQUOSON, Joseph K. Bunting, in his former capacity
as Mayor of the City of Poquoson, and, Gordon C. Helsel,
Jr., L. Harold Quinn, Jr., H. Gray Forrest, William T.
Watkins, Jr., Gordon Cox, now or formerly members of the
Poquoson City Council, Defendants-Appellees,
and
James T. Holloway, Jr., Benjamin Hahn, in his capacity as
City Attorney, Robert Murphy, in his capacity as City
Manager, John White, in his capacity as Police Chief of the
City of Poquoson, Ronnie Singleton, in his capacity as a
Police Officer for the City of Poquoson, Defendants.
 No. 90-2618.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5, 1991.
Decided May 29, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-89-829-N)
 Stanley E. Sacks, Sacks & Sacks, Norfolk, Va., for appellant.
 Robert William McFarland, McQuire, Woods, Battle & Boothe, Norfolk, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and FRANKLIN T. DUPREE, Jr., Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant, Helen M. Belcher, filed this action against appellees, the City of Poquoson, Virginia, its city manager, and several of its city council members under 42 U.S.C. Sec. 1983, alleging that her First Amendment freedom of speech was "impermissibly restricted" when she was allowed only five minutes to speak at a city council meeting. She appeals the trial court's entry of directed verdict against her and also alleges error in the trial court's upholding a settlement agreement entered into by her former counsel. We find no error and affirm.
 
 
 2
 The action arose out of events which occurred at a Poquoson city council meeting on October 13, 1987. Belcher was scheduled to speak at the meeting regarding problems that she had with the construction of her home. Her primary complaint was that the structure was in violation of the city building code. The city building inspector had investigated the house on several prior occasions and found no violations. The mayor and some of the city council members had also visited the house, at Belcher's request, in attempts to address her grievances. She had brought her concerns before the city council on two prior occasions during the "Audience for Visitors," a portion of the meetings where the council opened the floor to any citizen and permitted them to speak about the subject of their choice for a period of three minutes.
 
 
 3
 Belcher apparently wanted the city council to override the decision of the building inspector and make a finding that her house did in fact violate the building code. After a thorough inquiry, and upon the advice of the city attorney, she was denied relief.
 
 
 4
 Still dissatisfied by what she perceived as the inaction of the council and the mayor in rectifying her problems, Belcher filed an action for damages against the builder who had constructed the house. A determination by the city inspector that the house had been constructed in violation of the building code would, of course, bolster her civil case against the builder. Therefore, in furtherance of her objectives, Belcher asked that she again be placed on the agenda of a city council meeting.
 
 
 5
 This request was granted, and she was scheduled to address the October 13 meeting. Except in the case of speakers appearing on the "Audience for Visitors" agenda, normally a time limitation was not imposed upon individuals scheduled to speak at a meeting. On the occasion in question, however, the mayor told appellant before she began her presentation that her time would be limited to five minutes. When the five minutes expired, Belcher refused to leave the podium and attempted to continue her harangue despite repeated requests by the city manager that she surrender the floor. Shortly thereafter at the instance of the mayor she was escorted out of the meeting by the police and taken into custody. She was later released unharmed, and no charges were filed.
 
 
 6
 Belcher subsequently filed this suit against defendants alleging that the five-minute time limitation infringed upon her First Amendment right to freedom of speech. Despite the fact that she was addressing the council for a third time to complain about the building inspector's failure to find her house in violation of the building code, she now takes the position that, even though she was given an opportunity to speak, she was not able to get her message across in the five minutes allotted her and that her speech rights were therefore violated. She claims that she presented evidence in support of this claim at trial and was, therefore, entitled to have the issue presented to the jury.
 
 
 7
 A directed verdict is properly entered when there is "no substantial evidence to support" a jury verdict in plaintiff's favor. Business Development Corp. of North Carolina v. United States, 428 F.2d 451, 453 (4th Cir.), cert. denied, 400 U.S. 957 (1970) (quoting Hawkins v. Sims, 137 F.2d 66, 67 (4th Cir.1943)). The test "is not whether there is any evidence, but whether 'there are no controverted issues of fact upon which reasonable men could differ.' " Proctor v. Colonial Refrigerated Transportation, Inc., 494 F.2d 89, 93 (4th Cir.1974) (quoting Pogue v. Retail Credit Co., 453 F.2d 336, 338 (4th Cir.1972), cert. denied, 409 U.S. 1109 (1973)).
 
 
 8
 Citizens have no constitutional right to voice their views whenever and wherever they so desire. Adderley v. Florida, 385 U.S. 39 (1966). In determining whether an individual's freedom of speech has been violated, the court must first consider the forum in which the speech took place. The Supreme Court has recognized three categories of forums in which free speech rights may be implicated. See Perry Education Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37 (1983).
 
 
 9
 First, there are areas such as public parks and streets which have been deemed to be "held in trust for the use of the public." Id. at 45. In these forums, content-based speech regulations are only permissible if necessary to promote a compelling governmental interest. Content neutral regulations are likewise allowable if they are "narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication." Id.
 
 
 10
 Second, public property which is not a traditional public forum, but which the state has opened to allow expressive activity is a "created" public forum. See, e.g., id.; Widmar v. Vincent, 454 U.S. 263 (1981). Even though the government is not required to open such a forum, or to keep it open for an indefinite period of time, during the period in which it is accessible, state regulation is limited in the same manner as in a traditional public forum. Perry, supra.
 
 
 11
 The third category is public property which is not by tradition or designation a forum for public communication. The mere fact that the government owns property does not necessarily mean that it is open for public expression. In this third type of forum, "[i]n addition to time, place, and manner regulations, the State may reserve the forum for its intended purposes, communicative or otherwise, as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." Perry, supra at 46.
 
 
 12
 The regular portion of the Poquoson city council meeting falls into the third category. The purpose of city council meetings is to allow city officials to conduct the city's business and not to provide a public forum for all comers. While the "Audience for Visitors" portion of the Poquoson city council meetings could properly be classified as a created public forum, the regular portion cannot. Any person was allowed to speak about any topic for three minutes during the "Audience for Visitors." The council could not, therefore, regulate the content of the speech during this part of the meeting except to promote a compelling interest. In contrast, only speakers selected by the council were allowed to speak during the regular portion of the meeting. The council was entitled to restrict the meeting to persons addressing matters related to city business. "[W]hen government property is not dedicated to open communication, the government may--without further justification--restrict use to those who participate in the forum's official business." Perry, supra at 53.
 
 
 13
 Therefore, defendants decision to confine plaintiff's speaking time to five minutes was an entirely reasonable limitation which was necessary to keep the meeting running in an orderly fashion. Belcher was unable to present any evidence at trial that would tend to support a contrary finding. This is especially true in light of the fact that she had conveyed the very same message to the council members on several prior occasions and that the council was powerless to act on her demands. There is no evidence that defendants intended to suppress Belcher's speech because they opposed her views. Instead, they had listened to her views in the past and sought only to limit the time within which she was entitled to repeat those views.
 
 
 14
 In the absence of substantial evidence sufficient to support a verdict in plaintiff's favor the district court correctly granted the motion of defendants for a directed verdict at the close of plaintiff's evidence.
 
 
 15
 The remainder of Belcher's contentions on appeal are rejected. She claims that her Fourth, Fifth and Fourteenth Amendment rights were also violated, but these allegations were not pled in her complaint and no evidence was presented in support of them at trial. Consequently, she cannot raise them for the first time on appeal. Singleton v. Wulff, 428 U.S. 106 (1976).
 
 
 16
 Because the action was properly dismissed on the merits, her claim that the trial court erred in approving the settlement agreement is moot.
 
 
 17
 Finally, the court has considered the request of defendants for an award of attorney's fees and costs, and this request is denied.
 
 
 18
 AFFIRMED.